IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CYNTHIA HANCOCK HOLBROOK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.: 08-cv-504-JPG |
| | ) | |
| CASEY'S GENERAL STORE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter comes before the Court on plaintiff Cynthia Hancock Holbrook's ("Holbrook") motion to remand (Doc. 15) to which defendant Casey's Retail Company, Inc. d/b/a Casey's General Stores, Inc. (misnamed in the complaint as Casey's General Stores, Inc.) ("Casey's") has responded (Docs. 18 & 19).

**I.      Background**

Holbrook filed this case on June 9, 2008, in the Circuit Court of the Second Judicial Circuit, Franklin County, Illinois. She claims that Casey's was negligent in allowing a spill to remain on the floor of one of its stores and that she slipped on the spill, fell and sustained injuries "of a personal, permanent and pecuniary nature." Compl. ¶ 7. She further claims "she has been made sick, lame and has suffered mental and physical anguish." *Id.* at ¶ 8. She prays for judgment in an amount in excess of $50,000. Attached to her complaint is an affidavit from her counsel stating that she seeks damages in excess of $50,000 exclusive of interest and costs. The Complaint was served on Casey's on June 24, 2008.

Noting that the parties are completely diverse and believing that Holbrook may be seeking more than $75,000, the jurisdictional minimum amount in controversy set forth in 28 U.S.C. § 1332(a), Casey's removed this case to federal court on July 16, 2008, under 28 U.S.C. § 1441(a). Later, in mid-

August, Casey's asked Holbrook to stipulate that her damages were under $75,000. Holbrook did not respond to the request.

On August 20, 2008, Holbrook filed the pending motion to remand in which she argues that $75,000 or less, exclusive of interest and costs, is at issue in this case and that, as a consequence, diversity jurisdiction under 28 U.S.C. § 1332(a) does not exist and removal under 28 U.S.C. § 1441(a) was not proper. She notes that her special damages amount to only $3,456.84 and that she has completed all medical treatment related to her slip and fall so will not be accruing more. Casey's argues that the affidavit attached to Holbrook's complaint along with the additional elements of damages she pled demonstrates that removal is proper because at the time of removal the minimum amount in controversy requirement had been satisifed.

**II.     Discussion**

Casey's properly removed this case to federal court. A defendant may remove to federal court a case filed in state court if there is original federal jurisdiction over the case. 28 U.S.C. § 1441(a); *Chase v. Shop 'N Save Warehouse Foods*, 110 F.3d 424, 427 (7th Cir. 1997). In this case, Casey's relies on federal diversity jurisdiction under 28 U.S.C. § 1332(a), which requires that the parties be completely diverse and that the amount in controversy exceed $75,000 exclusive of interest and costs. Because the parties do not dispute that they are diverse, the only real issue is whether the amount in controversy was sufficient.

Casey's, as the party seeking to invoke federal jurisdiction, bears the burden of demonstrating by a preponderance of the evidence facts showing that the plaintiff stands to recover more than $75,000 in the suit. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006); *Rising-Moore v. Red Roof*

*Inns, Inc.*, 435 F.3d 813, 815 (7th Cir. 2006); *Chase*, 110 F.3d at 427.[1] After the Court decides any contested facts relevant to the amount in controversy, "the case stays in federal court unless it is legally certain that the controversy is worth less than the jurisdictional minimum." *Meridian*, 441 F.3d at 442; *see St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938) ("[T]he sum claimed by [the proponent of federal jurisdiction] controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal."). In removal cases based on diversity jurisdiction, the amount in controversy is determined based on the plaintiff's complaint at the time the notice of removal is filed. *Meridian*, 441 F.3d at 538; *Gould v. Artisoft, Inc.*, 1 F.3d 544, 547 (7th Cir. 1993). Thus, in this case, Casey's must establish by a preponderance of the evidence facts showing that more than $75,000 was at issue at the time it filed its notice of removal on July 16, 2008.

There are really no contested facts in this case. No one disputes that Holbrook's monetary losses amount to only $3,456.84 and that the other injuries at issue include permanent sickness and lameness as well as mental and physical anguish. The plaintiff's Complaint and affidavit in support allege that these various injuries amount to a sizeable sum – at least $50,000. When a Complaint quantifies claimed damages, that number controls unless recovering that amount would be legally impossible. *Smoot v. Mazda Motor*, 469 F.3d 675, (7th Cir. 2006) (citing *Rising-Moore*, 435 F.3d at 815-16)); *see Chase*, 110 F.3d at 428 ("In a case for money damages, where the amount defendant

---

[1] Both parties cite the now-defunct standard that the defendant must prove a "reasonable probability that jurisdiction exists." *Meridian* was the death knell of that phraseology, *Meridian*, 441 F.3d at 540 ("We now retract that language; it has no role to play in determining the amount in controversy."); *id.* at 542 ("'Reasonable probability that jurisdiction exists', a phrase with no provenance and no following outside this circuit, is banished from our lexicon."), clarifying that the defendant must demonstrate *by a preponderance of the evidence* facts showing that the amount in controversy requirement is satisfied.

stands to lose is equal to the amount plaintiff stands to gain from judgment, the appropriate focus in determining the amount in controversy is on plaintiff's assessment of the value of her case."). Considering the alleged permanence of the claimed injuries, Holbrook's claim to at least $50,000 appears to be in good faith, and recovery of that amount appears not to be legally impossible. Given the uncontested facts, it is also plausible that the value of Holbrook's injuries could exceed $75,000.[2] *See, generally, Chase*, 110 F.3d at 429 (finding that $4,400 in actual medical expenses did not foreclose possibility that more than $50,000 was at issue in light of numerous types of damages sought). Therefore, the amount in controversy was sufficient at the time of removal, and the Court has removal jurisdiction over this case.

### III. Conclusion

For the foregoing reason, the Court **DENIES** the motion to remand (Doc. 15).

**IT IS SO ORDERED.**
**Dated: October 22, 2008**

> s/ J. Phil Gilbert
> **J. PHIL GILBERT**
> **DISTRICT JUDGE**

---

[2] The Court has disregarded the failure of Holbrook to sign a post-removal affidavit limiting her damages to $75,000 or less. An affidavit can bind a plaintiff to recovery under the jurisdictional minimum, *see Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511-12 (7th Cir. 2006), and the refusal to sign such an affidavit *prior to removal* is evidence that the amount in controversy exceeds $75,000, *see id.* at 512; *Chase*, 110 F.3d at 428. However, *post-removal* events to reduce the amount in controversy do not negate the establishment of a jurisdictionally sufficient amount in controversy at the time of removal. *St. Paul*, 303 U.S. at 289-90; *Meridian*, 441 F.3d at 538; *Rising-Moore*, 435 F.3d at 816. Had Holbrook signed a post-removal affidavit limiting her damages, the affidavit would have had no effect on the amount in controversy at the time of removal.

4