# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF ILLINOIS

| CYNTHIA HANCOCK HOLBROOK, | ) | |
|---|---|---|
| Plaintiff, | ) | Cause No. 3:08-cv-504-JPG-CJP |
| v. | ) | |
| CASEY'S GENERAL STORES, INC., | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion for summary judgment filed by defendant Casey's Retail Company, Inc. d/b/a Casey's General Stores, Inc. (misnamed in the complaint as Casey's General Stores, Inc.) ("Casey's") (Doc. 23). Plaintiff Cynthia Hancock Holbrook has responded to the motion (Doc. 25).

**I.     Summary Judgment Standard**

Summary judgment is appropriate where "the pleadings, the discovery and disclosed materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). The reviewing court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. 2008); *Spath*, 211 F.3d at 396. Where the moving party fails to meet its strict burden of proof, a court cannot enter summary judgment for the moving party even if the opposing party fails to present relevant evidence in response to the motion. *Cooper v. Lane*, 969 F.2d 368, 371 (7th Cir. 1992). In responding to a summary judgment motion, the nonmoving party may not simply rest upon the allegations contained in the pleadings but must present specific facts to show that a genuine issue of material fact exists. Fed. R.

Civ. P. 56(e)(2); *Celotex*, 477 U.S. at 322-26; *Johnson v. City of Fort Wayne*, 91 F.3d 922, 931 (7th Cir. 1996).

**II.     Facts**

Construing all evidence and drawing all reasonable inferences in Holbrook's favor, the evidence establishes the following facts.

On August 14, 2008, Cynthia Parkinson served herself a drink at the self-service soda fountain of a Casey's convenience store owned by defendant Casey's. In doing so, she spilled ice on the floor but neglected to tell a Casey's employee. Approximately 15 minutes later, plaintiff Holbrook slipped on the partially melted ice, fell and injured herself.

The Casey's store manager Deborah Mitchell had inspected the floor around the soda fountain in the hour prior to Holbrook's fall but, of course, she had not discovered the spill because Parkinson had caused the spill only 15 minutes before the plaintiff's fall. Neither Mitchell nor Holbrook learned of the spilled ice until after Holbrook's fall.

This particular Casey's store was a typical convenience store with shelves, wall coolers, a self-service kitchen area where the soda fountain was located, and a cash register area. The soda fountain and the cash register area were on the same side of the store. Although the self-service soda fountain was generally busy in the summer, it was not common to have ice spilled on the floor nor to have customers slip and fall.

**III.    Analysis**

To prevail in a cause of action for negligence, the plaintiff must show the defendant owed her a duty of care, the defendant breached that duty and the breach proximately caused injury. *See Marshall v. Burger King Corp.*, 856 N.E.2d 1048, 1053 (Ill. 2006). With respect to the duty element, a special relationship exists between a business and those it invites onto its property for business purposes, and

2

that special relationship may give rise to "an affirmative duty to aid or protect another against unreasonable risk of physical harm." *Id.* at 1058; *accord Reid v. Kohl's Dep't Stores, Inc.*, 545 F.3d 479, 481 (7th Cir. 2008); *Peterson v. Wal-Mart Stores, Inc.*, 241 F.3d 603, 604 (7th Cir. 2001). That duty is summarized in § 343 of the Restatement (Second) of Torts:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>
> > (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
> >
> > (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
> >
> > (c) fails to exercise reasonable care to protect them against the danger.

Restatement (Second) of Torts § 343 (1965).

A common hazardous condition encountered by retail store owners is a spill on the floor. Where the floor is smooth and the customer traffic heavy, there is a significant danger that spills caused by employees or customers can precipitate an injurious fall. *Peterson*, 241 F.3d at 604. "The store's duty is not merely to prevent careless spillage by its employees but also to be on the lookout for spillage by whomever caused and to clean it up promptly." *Id.* Accordingly, a business can be liable for a customer's slipping on a spilled substance if

> (1) the substance was placed there by the negligence of the proprietor or (2) his servant knew of its presence, or (3) the substance was there a sufficient length of time so that, in the exercise of ordinary care, its presence should have been discovered, *i.e.*, the proprietor had constructive notice of the substance.

*Hayes v. Bailey*, 400 N.E.2d 544, 546 (Ill. App. Ct. 1980); *see Culli v. Marathon Petroleum Co.*, 862 F.2d 119, 123 (7th Cir. 1988).

When a customer slips on a spill that the business neither created nor knew about, the critical question is whether the business *should have known* about the spill – that is, whether it had
3

constructive notice of the spill – such that its failure to detect it and clean it up or warn about it breached its duty of care. *See Reid*, 545 F.3d at 481-82; *Culli*, 862 F.2d at 123. Of course, a business is not required to *continuously* patrol its aisles on the lookout for spills, but it may be required to frequently and carefully patrol them, especially in areas where spills are likely. *Peterson*, 241 F.3d at 604-05 (citing *Hresil v. Sears, Roebuck & Co.*, 403 N.E.2d 678, 680 (Ill. App. Ct. 1980)).

To determine whether constructive notice is established because of the presence of the spill for a period of time, the Court examines both the length of time the spill existed and the surrounding circumstances. *Reid*, 545 F.3d at 843; *Peterson*, 241 F.3d at 605. In *Hresil*, the Illinois Appellate Court held as a matter of law that the presence of a phlegm-like substance on the floor in the women's clothing department of an uncrowded self-service retail department store for ten minutes, as a matter of law, did not amount to constructive notice. *Hresil*, 403 N.E.2d at 680. Similarly, in *Reid*, the United States Court of Appeals held that an unmelted milkshake, spilled on the floor of an uncrowded department store that did not sell milkshakes within ten minutes before a customer slipped on it, did not put the store on constructive notice of the spill. *Reid*, 545 F.3d at 843. *Hresil* and *Reid* do not, however, establish a ten-minute bright-line rule; those cases turned on the particular circumstances of each case. *See id.*; *Peterson*, 241 F.3d at 605.

There is no evidence in this case that Casey's caused or knew about the spill on which Holbrook slipped or that such spills were a recurring problem such that Casey's should have known about it. The critical question therefore is whether Casey's should have known about the spill because it had existed on its floor for 15 minutes. Casey's points to the ten-minute time period at issue in *Hresil* and *Reid*, but as the Seventh Circuit Court of Appeals pointed out in *Reid* and *Peterson*, there is no bright-line ten-minute rule. On the contrary, the length of time must be evaluated in light of the circumstances of the case.

4

Unlike *Hresil* and *Reid*, this case does not involve a department store, which is certainly larger than a typical convenience store like Casey's. Simply by virtue of the size difference, it is less burdensome to patrol the smaller store. Thus, while it may be unreasonable to expect department store employees to detect a food or drink spill within ten minutes, a reasonable jury could come to a different conclusion about a spill in a convenience store that had been there for 15 minutes. Furthermore, Casey's makes self-service food and drink available to the general public – indeed, that is one of its selling points – so, unlike in a department store, there will likely be food and drink spills. Because the risk of spills is higher and the burden of inspecting for them is lower in a convenience store than in a department store, cases like *Hresil* and *Reid* do not dictate the results in this case.

In light of the particular facts of this case, a reasonable jury could find Casey's had constructive notice of the spill on which Holbrook slipped. The risk of spills in the self-service food and drink area was substantial, the area itself was small, and it on the same side of the store as the cash register staffed by a Casey's employee. A reasonable jury could find that Casey's, exercising ordinary care, should have detected the spill and cleaned it up – or at least warned patrons about it – within 15 minutes of its occurrence.

## IV. Conclusion

For the foregoing reasons, the Court **DENIES** Casey's motion for summary judgment (Doc. 23).

**IT IS SO ORDERED.**
**Dated this 13th day of August, 2009.**

s/ J. Phil Gilbert
**HON. J. PHIL GILBERT**
**UNITED STATES DISTRICT JUDGE**
